

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00175-CR

_____


FOSTER AGERS, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 10-0176X



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Foster Agers appeals his conviction for unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04 (West 2011). Agers pled guilty[1] without a plea agreement and signed a written stipulation of the evidence. The trial court found Agers guilty and sentenced him to six years' imprisonment.

Agers' attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail. He has set up several potential arguments, and then explains in detail why each fails to show a reversible error. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Agers on December 17, 2012, informing Agers of his right to file a pro se response and to review the record. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal. Agers has neither filed a pro se response nor requested an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the record, and we agree that no genuinely arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[1]The trial court admonished Agers both orally and in writing.

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and, if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[2]


Bailey C. Moseley
Justice

Date Submitted:      February 20, 2013
Date Decided:        February 21, 2013

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.